# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

---

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff-Appellee,

v.

CAREBOURN CAPITAL, LP, et al.,
Defendants-Appellants.

On Appeal from the U.S. District Court for the District of Minnesota, No. 21-cv-2114 (Menendez, J.)

---

## APPELLEE SECURITIES AND EXCHANGE COMMISSION'S MOTION TO REMAND AND TO HOLD BRIEFING IN ABEYANCE

---

The Securities and Exchange Commission ("Commission"), Appellee, respectfully moves the Court to remand this case to the district court for reconsideration of the court's judgment in light of the Commission's recent voluntary dismissal of certain other enforcement actions alleging violations of the same provision at issue in this appeal. The Commission further moves the Court to hold the briefing schedule in abeyance in this case pending its resolution of this motion to remand. The Commission's

1

response brief is otherwise due on **June 9, 2025**. Should the Court deny the Commission's motion for remand, the Commission requests an extension on its briefing deadline to 14 days following the date of such denial. Counsel for the appellants has indicated that they oppose this motion.

In this civil enforcement action, the Commission brought a single claim against each defendant[1] for violating Section 15(a)(1) of the Securities Exchange Act, 15 U.S.C. 78o(a)(1), alleging that they:

> made use of the mails or other means or instrumentalities of interstate commerce to effect transactions in, to induce, and to attempt to induce, the purchase and sale of, securities as part of a regular business while not registered with the SEC as dealers, and when Defendants were not associated with an entity registered with the SEC as a dealer.

Dkt. 1 at 16. The district court granted summary judgment for the Commission, concluding that the undisputed facts establish that appellants Carebourn Capital, LP, and Chip A. Rice acted as unregistered "dealers." Dkt. 177; *see* 15 U.S.C. 78c(a)(5), 78*o*(a). The court subsequently entered

---

[1] The district court also ordered relief defendant Carebourn Partners, LLC, to disgorge ill-gotten gains it received from the defendants' violations to which it had no legitimate claim. The district court should reconsider that award as well in the first instance.

Appellate Case: 24-3280   Page: 2   Date Filed: 06/05/2025 Entry ID: 5524036

final judgment ordering remedies, including injunctive relief and disgorgement. Dkts. 229, 230.

On May 22, 2025, following the change in administration, as an "exercise of its discretion and as a policy matter," the Commission voluntarily dismissed several pending, pre-final judgment enforcement actions alleging that the defendants acted as unregistered "dealers." *See* Stipulation to Dismiss and Release, *SEC v. Long*, No. 23-cv-14260 (N.D. Ill. May 22, 2025); Joint Stipulation to Dismiss, and Releases, *SEC v. Tri-Bridge Ventures*, No. 24-cv-5711-ZNQ-RLS (D.N.J. May 22, 2025); Stipulation of Dismissal and Releases, *SEC v. LG Capital Funding*, No. 22-cv-3353 (E.D.N.Y. May 22, 2025); *see also* Stipulation to Dismiss and Release, *SEC v. River North*, No. 19-cv-1711 (N.D. Ill. May 22, 2025) (dismissing with prejudice unregistered dealer claims, but continuing to litigate other claims). The dismissals include *SEC v. River North Equity, LLC*, 415 F. Supp. 3d 853 (N.D. Ill. 2019), a case that the district court cited in its summary judgment order and which the Commission cited in its remedies motion. *See* Dkt. 177 at 23 (summary judgment opinion); Dkt. 188 at 20 (Commission remedies motion).

3

Appellate Case: 24-3280     Page: 3     Date Filed: 06/05/2025 Entry ID: 5524036

The Commission respectfully submits that, in light of the dismissals and the unique circumstances of this case, it is appropriate to remand this case prior to any further proceedings in this Court. A remand would enable the parties to be heard on the effect of the dismissals on the district court's judgment in this case. And it would conserve this Court's resources by allowing the district court to assess that effect in the first instance. *See* 28 U.S.C. 2106 ("[A]ny court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.").

Among other things, a remand is appropriate given the district court's discretion to fashion relief. If this Court orders a remand, the Commission will move the district court under Federal Rule of Civil Procedure 60(b) for relief from the portions of the remedies that the defendants have challenged on appeal—specifically, the court's order enjoining the defendants from further violations of the Exchange Act's dealer registration provision, restraining them for three years from

4

participating in penny-stock offerings, and directing appellants to disgorge profits obtained from the violations. Dkt. 230.[2] And, as this Court has recognized a "district court is in the best position to evaluate all of the evidence and weigh the factors to determine whether" equitable relief, such as an injunction and disgorgement, is appropriate, a "rule" that "is especially relevant . . . where many facts have changed since the original hearing." *Lankford v. Sherman*, 451 F.3d 496, 513 (8th Cir. 2006).

For example, in *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, this Court remanded an injunctive order in light of "new information advanced [on] appeal" that "may well sway the district court's" analysis despite determining that the district court had not abused its discretion "based on the information before it" at the time it had issued the order on review. 988 F.2d 61, 64 (8th Cir. 1993); *cf. United States v. Waits*, 919 F.3d 1090, 1097 (8th Cir. 2019) (remanding for further proceedings and declining to address the propriety of a forfeiture order "without adversarial briefing" where "the

---

[2] With the defendants' agreement, the district court ordered them to surrender certain shares of stock and associated conversion rights. Dkt. 229 at 2; Dkt. 230 at 2. The defendants have not appealed that remedy.

government agree[d] that the district court should reevaluate the forfeiture order in the first instance under current law") (citing *Lawrence ex rel. Lawrence v. Chater*, 516 U.S. 163, 168 (1996)). Similarly, here, the district court should determine in the first instance whether to modify the remedies it has ordered in light of the Commission's dismissal of certain other dealer registration cases as well as the agency's determination to no longer seek injunctive and equitable relief in this case.

    A remand will also clarify any remaining issues for this Court. If the district court grants the Commission's Rule 60(b) motion, this Court will not have to address any challenge to the remedies. Even if the district court were to deny the Commission's motion in whole or in part, that ruling would clarify and inform the issues before this Court on any subsequent appeal. In either circumstance, a remand would facilitate a more equitable and efficient resolution of this case.

    To conserve judicial and party resources, the Commission further respectfully requests the Court hold further briefing in this case in abeyance, including staying the deadline for the Commission's response brief, which is currently due June 9, 2025. If the Court grants the

6

Commission's motion to remand this case to the district court, no further briefing before this Court will be necessary at this time.  Should the Court deny the Commission's motion to remand, the Commission requests an extension on its briefing deadline to 14 days following the date of such denial.

        Respectfully submitted,

        JEFFREY B. FINNELL
        *Acting General Counsel*

        TRACEY A. HARDIN
        *Solicitor*

        DANIEL STAROSELSKY
        *Assistant General Counsel*

        KERRY J. DINGLE
        *Senior Appellate Counsel*

        */s/ Kerry J. Dingle*
        Securities and Exchange Commission
        100 F Street, NE
        Washington, DC  20549-9040
        (202) 551-6953
        dinglek@sec.gov

Dated:  June 5, 2025

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,146 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I also certify that this brief complies with the typeface and type style requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-Point Book Antiqua.

*/s/ Kerry J. Dingle*

# CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Kerry J. Dingle*